**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the Senate in an Order Dated June 2, 1967, Answered June 20, 1967.

Supreme Judicial Court of Maine.

June 22, 1967.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

SENATE ORDER PROPOUNDING
QUESTIONS
STATE OF MAINE

In Senate, June 2, 1967

WHEREAS, it appears to the Senate of the One Hundred and Third Legislature that the following is an important question of law and the occasion is a solemn one, and

WHEREAS, there has been introduced and is now pending before the Legislature Senate Paper 34, Legislative Document Number 33, "An Act Defining Industrial Project Under Industrial Building Authority Law", to which said bill committee amendment "A" Filing No. S–192 has been reported and is pending before the Legislature; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of the proposed bill and the accompanying Amendment "A"; therefore be it

ORDERED, that in accordance with Section 3 of Article VI of the Constitution of Maine, the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following questions:

1. Are the definitions of "industrial project", as set forth in Sec. 1 of Legislative Document 33 as amended by Committee Amendment "A", constitutional and within the authority granted to the Legislature by section 14–A of Article IX of the Constitution of Maine?

2. Does Sec. 2 of Legislative Document 33 as amended by Committee Amendment "A" violate the Constitution in providing for direct loans to applicants and dispensing with the necessity of a local development corporation?

HORACE A. HILDRETH
Name: Hildreth
County: Cumberland

---

## ONE HUNDRED AND THIRD LEGISLATURE

| Legislative Document | No. 33 |
|---|---|

S. P. 34          In Senate, January 5, 1967

Referred to Committee on Industrial and Recreational Development. Sent down for concurrence and ordered printed.

JERROLD B. SPEERS, Secretary

Presented by Senator Albair of Aroostook.

---

### STATE OF MAINE

IN THE YEAR OF OUR LORD NINETEEN HUNDRED
SIXTY–SEVEN

**AN ACT Defining Industrial Project Under Industrial Building Authority Law.**

---

Be it enacted by the People of the State of Maine, as follows:

*R. S., T. 10, § 703, sub-§ 3, ¶ A, amended.* Paragraph A of subsection 3 of section

703 of Title 10 of the Revised Statutes, as amended by section 2 of chapter 471 of the public laws of 1965, is further amended to read as follows:

A. Any building or other real estate improvement and, if a part thereof, the land upon which they may be located, and all real properties and machinery and equipment deemed necessary to their use by any industry for the manufacturing, processing or assembling of raw materials or manufactured products and for the purposes of research and development for industrial and manufacturing enterprises; *new agricultural machinery and equipment for agricultural purposes, whether or not used on a farm, and shall include new machinery and equipment used for preparing and packaging agricultural products for marketing;*

## STATE OF MAINE
## SENATE
## 103rd LEGISLATURE

COMMITTEE AMENDMENT "A" to S.P. 34, L.D. 33, Bill, "An Act Defining Industrial Project Under Industrial Building Authority Law."

Amend said Bill by striking out all of the Title and inserting in place thereof the following Title: 'AN ACT Defining Industrial Project and Mortgagor of Agricultural Equipment and Documented Fishing Vessels Under Industrial Building Authority Law.'

Further amend said Bill by striking out everything after the enacting clause and inserting in place thereof the following:

'Sec. 1 R. S., T. 10, § 703, *sub-§ 3, ¶¶ C, D, additional.* Subsection 3 of section 703 of Title 10 of the Revised Statutes, as amended, is further amended by adding 2 new paragraphs C and D, to read as follows:

C. *Any new or used agricultural machinery and equipment for agricultural purposes of a value not less than $10,000, whether or not used on a farm, and shall include machinery and equipment used for preparing and packaging agricultural products for marketing.*

D. *Any fishing vessel documented or to be documented as a fishing vessel under the laws of the United States, which is designed to be used for catching, processing or transporting fish or any vessel outfitted for such activity.*

Sec. 2 R. S., T. 10, § 703, *sub-§ 10, additional.* Section 703 of Title 10 of the Revised Statutes, as amended, is further amended by adding a new subsection 10, to read as follows:

10. *Mortgagor of agricultural equipment and documented fishing vessels.* "Mortgagor of agricultural equipment and documented fishing vessels" shall mean the original borrower under a mortgage and his successors and assigns, but for the purposes of encouraging the making of loans on agricultural machinery or equipment and documented fishing vessels, as defined in paragraphs C and D of subsection 3, there shall be no necessity for the formation of a local development corporation and said loan may be made directly to the applicant.'

Reported by the Committee on INDUSTRIAL & RECREATIONAL DEVELOPMENT. Reproduced and distributed pursuant to Senate Rule No. 11A.

(Filing No. S–192)

5/25/67

## ANSWERS OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor

to submit the following answers to the questions propounded on June 2, 1967.

QUESTION (1): Are the definitions of "industrial project", as set forth in Sec. 1 of Legislative Document 33 as amended by Committee Amendment "a", constitutional and within the authority granted to the Legislature by section 14–A of Article IX of the Constitution of Maine?

ANSWER: We answer in the negative.

The basis of the present statute is to be found in the Constitution, Article IX, Section 14–A which authorized legislative provisions for insured mortgage loans for the purpose of "fostering, encouraging and assisting the physical location, settlement and resettlement of industrial and manufacturing enterprises within the State." We are satisfied that the phrase "industrial and manufacturing enterprises" was carefully chosen to limit and describe the type of activity to be benefited by the extension of the credit of the State.

■ In our view, the word "industrial" in this phrase is inseparable from and must be read in conjunction with the word "manufacturing." We recognize that in common parlance the word "industry" is frequently employed to describe a particular type of activity. For example, we may speak of the "agricultural industry," the "fishing industry," the "trucking industry" or the "recreational industry," to mention only a few of those with which we are familiar. We do not, however, equate the word "industry" as thus employed with the phrase "industrial and manufacturing enterprises" which the electorate wrote into the Constitution. It is significant, for example, that it was recognized that "recreational projects" which in commonly used and well understood terms comprise what is usually called the "recreational industry" required specific constitutional sanction in order to qualify for the benefits of State supported loans. Art. IX, Sec. 14–B.

■ Activities which constitute the harvesting of the products of the land or sea do not qualify within the scope which we assign to the Constitutional phrase. The proposed legislation seeks by definition to extend the credit of the State to agricultural and fishing activities beyond the scope of the Constitutional limit imposed by the phrase "industrial and manufacturing enterprises."

QUESTION (2): Does Sec. 2 of Legislative Document 33 as amended by Committee Amendment "A" violate the Constitution in providing for direct loans to applicants and dispensing with the necessity of a local development corporation?

ANSWER: In the light of our reply to Question No. 1, this question is not reached.

Dated at Augusta, Maine, this twentieth day of June, 1967.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, Jr.
HAROLD C. MARDEN
ARMAND A. DUFRESNE, Jr.
RANDOLPH A. WEATHERBEE